HIRAM P. HASTINGS *v.* WILLIAM McKINLEY and another.

Where, on the trial, it was agreed in behalf of the plaintiff, when the case was about to be submitted, that certain letters which the defendant wished to go to the jury, should be given to them, *together with* certain affidavits and a deposition in the cause, and—both parties consenting to this arrangement—the plaintiff held out his papers, which were taken by the defendant's counsel, who handed a package to the jury, but it afterwards appeared that the jury did not receive the affidavits and deposition, and the defendants' counsel was charged with a clandestine suppression, and a surreptitious removal and concealment thereof; it was *held*, that the charge being contradicted on a motion to set aside the verdict for the alleged fraudulent suppression, the awarding of an issue to try the same was proper.

A verdict will not be suffered to stand, which can have been in any degree affected by such artifice and deception.

The consequence of such conduct on the part of counsel ought not to stop with setting aside the verdict. .

THE plaintiff, having appealed to the general term, from a judgment entered upon a verdict rendered against him, applied to the court at special term, before the appeal was brought to a hearing, to set the verdict aside. The grounds of this motion were stated, in substance, in affidavits of the plaintiff, as follows: It was agreed at the trial, that certain letters which the defendant wished the jury to have, should be given to them, on the condition that the plaintiff might also hand to the jury certain affidavits and a deposition. This was assented to; and the plaintiff was in the act of handing them to the jury, when they were taken by the defendants' counsel, who soon delivered some papers to the jury. The affidavits and deposition were not received by them, and could not subsequently be found. The plaintiff charged the defendants' attorney with fraudulently suppressing his papers, which was denied. Numerous conflicting affidavits were produced by both parties upon the subject.

The court directed the decision of the motion to be suspended until the appeal from the judgment should be disposed of; and that in case a new trial was denied thereon, an issue be awarded to determine the truth of the charges urged on the motion. From this disposition of the motion, the defendants' attorney brought the appeal, which is decided in the following opinion.

The hearing of the *appeal from the judgment* was obstructed by preliminary questions of practice. (See 3 Code Reporter, 10.) These being disposed of, the defendants, without an argument, stipulated to allow a new trial by the court on the evidence already taken in the case. New attorneys for the defendants were substituted. The second trial resulted in a verdict and judgment for the plaintiff, from which the defendants appealed. (See 1 E. D. Smith's C. P. Rep. 273.)

Hastings *v.* McKinley.

By the Court. Woodruff, J.—A motion was made by the plaintiff in this cause, at a special term, to set aside the verdict upon three grounds:

*1st.* Irregularity.

*2d.* Surprise of the plaintiff and mistake of one of the witnesses.

*3d.* Newly discovered evidence.

The court, at special term, refused to sustain the application upon the second and third grounds; and deeming the first ground involved in doubt, by reason of the contradictory nature of the affidavits of the parties and their respective witnesses deposing on the subject, the court directed, that if a new trial should not be ordered on the case made in the cause, an issue be made up for trial to settle the question of irregularity, and if thereupon the jury should find for the plaintiff, a new trial should be had.

The defendants appeal to the court in general term. It is claimed, by the plaintiff, that an appeal cannot be brought by the defendants from this order. But if it can, I regard this appeal as without foundation.

I do not deem it necessary to enter into any extended discussion of the proofs exhibited by the affidavits; nor have I any means of determining how far the alleged irregularity may or may not have affected the result. Neither the *case*, nor the *pleadings*, nor any history of the trial, have been laid before the court on this appeal. Being governed by the affidavits, I think it only necessary to say that no rule of law, nor any rule of fairness nor honesty will allow a verdict to stand, which can have been in any degree affected by the artifice and deception charged by the respondent. That counsel should surreptitiously remove and conceal some of his adversary's documentary evidence—clandestinely suppress other written testimony—when the whole papers are asked for by the jury, or are agreed to be delivered to them on their retiring—and deceive the adverse counsel into the belief that the papers have all been delivered to the jury for their examination and consideration—can never be tolerated.

If these allegations are unfounded, the awarding of the feigned issue cannot prejudice the defendant. If they are true, the consequences ought not to stop with setting aside the verdict.

And upon an examination of the affidavits, so far from regarding the order appealed from, in its effect upon the defendants, as improvident or improper, I am more inclined to doubt whether—notwithstanding the contradictions—the preponderance is not in favor of the plaintiff's allegations to such a degree as to have rendered an issue unnecessary.

The order at special term must be affirmed, with $10 costs to respondent.